■ 985 FIFTH AVENUE COMPANY, Respondent, v FRED GOLDIN, Appellant. [605 NYS2d 291] —Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered on or about November 21, 1992, granting plaintiff's CPLR 3212 motion for summary judgment for the stipulated amount of $25,709.72 less $6,218.33, unanimously affirmed, without costs.

In June 1991, defendant renewed his apartment lease for a two year term to commence October 1, 1991. Subsequently, in December 1991, defendant desired to vacate the premises. Defendant and plaintiff landlord executed a surrender agreement which provided that defendant would surrender the apartment on February 1, 1992, and pay four months' rent. The agreement further provided that the writing constituted the entire agreement between the parties.

Plaintiff instituted this action to recover the four months of rent provided for in the surrender agreement. Defendant asserted that he was induced to enter into the surrender agreement by plaintiff's claim that it was required, at a cost of $25,000, to remove defendant's improvements in order to relet the premises, which would have been defendant's obligation under his lease. Defendant's allegation that the apartment had been relet "as is", is not disputed.

Contrary to defendant's argument, plaintiff has suffered damages. This is an action based on the surrender agreement, not the lease. Accordingly, the fact that plaintiff successfully relet the apartment on terms more advantageous to it does not extinguish plaintiff's entitlement to the benefit of its bargain, namely, consideration for the surrender agreement. Concur—Murphy, P. J., Carro, Ellerin and Kupferman, JJ.

■ GREG SEINFELD, Appellant, and JOSHUA CHOPP, Intervenor-Appellant, v ELIZABETH E. BAILEY et al., Respondents. [608 NYS2d 60] —Order, Supreme Court, New York County (Peter Tom, J.), entered on June 21, 1993, unanimously affirmed for the reasons stated by Tom, J., without costs and without disbursements. No opinion. Concur—Murphy, P. J., Carro, Ellerin and Kupferman, JJ.